IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO JUAREZ, SR., | ) | 8:15CV187 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAKOTA COUNTY JAIL STAFF, | ) | |
| DAKOTA COUNTY NURSING | ) | |
| STAFF, and MERCY MEDICAL | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Julio Juarez filed his Complaint (Filing No. 1) on May 28, 2015. The court has given Juarez leave to proceed in forma pauperis in this case. The court now conducts a pre-service screening of Juarez's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Juarez is currently incarcerated at the Omaha Correctional Center in Omaha, Nebraska. (Docket Sheet.) His claims are based on incidents that occurred while he was incarcerated at the Dakota County Jail in Dakota City, Nebraska. He named as the defendants Dakota County Jail and nursing staff and Mercy Medical Center. (Filing No. 1 at CM/ECF p. 1.)

Juarez alleged that on March 22, 2015, he fell down stairs while incarcerated at the Dakota County Jail and injured his back, shoulder, and neck. Before paramedics arrived to transport Juarez to Mercy Medical Center, "the night shift staff were moving and shifting [his] body around, which caused a lot more pain in [his] left shoulder and back." (Filing No. 1 at CM/ECF p. 2.)

When Juarez returned to the Dakota County Jail, jail staff forced him to sleep on the top bunk for over two months. After numerous requests and grievances, Juarez was examined by a doctor on May 21, 2015, who determined Juarez should sleep on the bottom bunk. (Filing No. 1 at CM/ECF p. 3.)

Juarez claims he is in constant pain and suffers from severe migraines, but he is afraid to ask jail and nursing staff for "help" because they are angry with him and have "harassed" him in response to a grievance he filed. (Filing No. 1 at CM/ECF p. 3.) Juarez also claims he submitted numerous grievances to jail staff and only one has been answered. (Filing No. 1 at CM/ECF p. 3.)

For relief, Juarez seeks money damages and for the court to order the defendants to provide him with medical attention, including physical therapy. (Filing No. 1 at CM/ECF p. 5.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Juarez alleged he continues to suffer from migraines and pain as a result of an injury he suffered at the Dakota County Jail on March 22, 2015. He is afraid to ask for "help" from jail and nursing staff because they "have been angered" and "have harassed" him because of a grievance he filed. (Filing No. 1 at CM/ECF p. 3.) Juarez did not identify who harassed him, how he was harassed, or how his medical needs are being neglected. In short, even when liberally construed, Juarez's Complaint raises no claims against any defendant. On the court's own motion, Juarez will have 30 days in which to file an amended complaint that states plausible claims for relief. Juarez should be mindful to identify the defendants and explain what each defendant

3

did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Juarez believes the defendant violated.

In drafting his amended complaint, Juarez should note that, to prevail on an Eighth Amendment claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. This means Juarez must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

In addition, Juarez should note that, to establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege (1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would "chill a person of ordinary firmness" from continuing in the activity, and (3) that "the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

IT IS THEREFORE ORDERED that:

1. Juarez must file an amended complaint within 30 days that states plausible claims for relief against specific defendants. Failure to do so will result in the court dismissing this case without further notice.

2. The clerk of the court is directed to send to Juarez a blank civil complaint form. To avoid confusion, any document Juarez sends to the clerk of the court for filing in this case must clearly display the case number.

3. The clerk of the court is directed to set a pro se case management deadline: November 24, 2015: check for amended complaint; dismiss case if none filed.

DATED this 22nd day of October, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.