IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JULIO JUAREZ, SR., | ) | 8:15CV187 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAKOTA COUNTY JAIL STAFF, DAKOTA COUNTY NURSING STAFF, and MERCY MEDICAL CENTER, | ) | |
| Defendants. | ) | |

This matter is before the court on review of Plaintiff Julio Juarez's Amended Complaint (Filing No. 16). For the reasons explained below, the court will dismiss this case with prejudice.

Plaintiff Julio Juarez filed his Complaint (Filing No. 1) on May 28, 2015. Juarez alleged he fell down a flight of stairs while incarcerated at the Dakota County Jail in Dakota City, Nebraska. He alleged jail staff aggravated his injuries when they shifted his body around following his fall. He also alleged he was afraid to ask staff for help in the days following his fall because he believed jail staff were angry with him.

This court conducted an initial review of Juarez's Complaint on October 22, 2015, in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A. (*See* Filing No. 13.) The court determined that, even when liberally construed, Juarez's Complaint raised no claims against any defendant. The court provided Juarez 30 days in which to file an amended complaint.

Juarez filed his Amended Complaint (Filing No. 16) on November 12, 2015. He named six individuals as the defendants—Director Kerns, Lieutenant Brenda

Kelly, Sergeant Adams, Officer Elizabeth, Nurse Jennifer, and Nurse Marge—but only referred to Kerns, Kelly, and Adams in the body of his Amended Complaint.

Juarez alleged in his Amended Complaint that Kerns made "threat after threat" when he learned Juarez had filed a civil suit against the jail. (Filing [16](#) at CM/ECF p. 3.) This bare allegation, without more, does not allow the court to draw the reasonable inference that Kerns is liable for any misconduct. Specifically, Kerns did not allege a plausible retaliation claim because he did not identify any adverse action taken against him. *See* [Revels v. Vincenz, 382 F.3d 870, 876 (2004)](#) ("To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.").

In addition, Juarez alleged Kelly and Adams "had no answers" when Juarez asked them who opened his legal mail outside of his presence. This allegation does not state a claim of constitutional dimension against Kelly or Adams. (Filing [16](#) at CM/ECF p. 3.) For the reasons set forth in this Memorandum and Order and the Memorandum and Order dated October 22, 2015,

IT IS ORDERED that: This case is dismissed with prejudice. The court will enter judgment by a separate document.

DATED this 22nd day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge